IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LYLE STEED JEFFS, et al.,<br><br>　　　　　Defendants. | MEMORANDUM DECISION AND ORDER ON MOTIONS TO SUPPRESS<br><br><br>Case No. 2:16-CR-82 TS<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on two Motions to Suppress filed by Defendants Hyrum Dutson and Kristal Dutson.  In response, the government has opposed the Motions and moves to strike.  For the reasons discussed below, the Court will grant the government's Motion to Strike and deny the Motions to Suppress without prejudice.

　　　　Defendants Hyrum Dutson and Kristal Dutson filed nearly identical Motions to Suppress on September 19, 2016.  Defendants seek suppression of the evidence obtained as a result of the execution of a search warrant.  Defendants argue that the evidence presented to the magistrate was insufficient to issue a warrant.  Defendants request an evidentiary hearing.

　　　　The government opposes Defendants' Motions and seeks to strike them.  The government argues that Defendants have failed to adequately demonstrate standing, present information that would entitle them to a *Franks* hearing,[1] establish that the challenged statements were essential

---

[1] *Franks v. Delaware*, 438 U.S. 154 (1978).

1

to the finding of probable cause, and adequately state what information was stale. In response, Defendant Kristal Dutson clarifies that she is not seeking a *Franks* hearing.[2]

Searches conducted pursuant to a search warrant are presumed valid. As such, Defendants have the burden of demonstrating that the warrant was not supported by probable cause.[3] The reviewing court does not substitute its judgment for that of the magistrate.[4] Rather, the court reviews the affidavit for the purpose of determining whether the magistrate's finding of probable cause has a substantial basis in the affidavit.[5] In making this determination, this Court may look only to the information submitted to the magistrate in support of the warrant application.[6] Where, as appears to be the case here, the magistrate considered only a supporting affidavit in issuing the warrant, this Court's review is limited to the four corners of the affidavit.[7]

Here, Defendants have failed to meet their burden. Defendants have failed to demonstrate that they have standing to challenge the search warrant. While Defendants state that they were named in the search warrant affidavit, this is not sufficient. Defendants must show that they have a legitimate expectation of privacy in the place to be searched. Further, even if Defendants had standing, Defendants have failed to provide the Court with the information necessary for the Court to determine whether the search warrant was supported by probable cause. While Defendants request an evidentiary hearing, for the reasons discussed above, no

---

[2] Defendant Hyrum Dutson has not responded to the government's Motion to Strike.

[3] *United States v. Harrison*, 566 F.3d 1254, 1256 (10th Cir. 2009) ("A defendant challenging a search pursuant to a warrant has the burden of proof.").

[4] *Illinois v. Gates*, 462 U.S. 213, 236 (1983).

[5] *Id.* at 238–39.

[6] *Whiteley v. Warden, Wyo. State Penitentiary*, 401 U.S. 560, 565 n.8 (1971); *Aguilar v. Texas*, 378 U.S. 108, 109 n.1 (1964).

[7] *United States v. Beck*, 139 F. App'x. 950, 954 (10th Cir. 2005).

evidentiary hearing is required.  The Court's review is limited to determining whether the information provided to the magistrate supported a finding of probable cause.  Defendants have failed to provide the search warrant or the affidavit.  Without this basic information, the Court cannot make this determination.

It is therefore

ORDERED that the government's Motion to Strike (Docket No. 614) is GRANTED.  It is further

ORDERED that Defendants' Motions to Suppress (Docket Nos. 554 and 555) are DENIED WITHOUT PREJUDICE.  Defendants Hyrum Dutson and Kristal Dutson may file properly supported motions to suppress by November 14, 2016.

DATED this 1st day of November, 2016.

BY THE COURT:

_____
Ted Stewart
United States District Judge